On the evening of July 2, 1943, an automobile collision took place at approximately seven o'clock on Highway 61, about one mile south of the Town of St. Francisville, in which a Mercury sedan belonging to Henry R. Mut and a Ford two-door sedan belonging to James R. Dotson were involved. The Service Fire Insurance Company carried a collision insurance policy on the Mercury sedan under which it was obligated to, and did, pay the insured, Henry R. Mut, the sum of $640, that being the amount of the damages sustained by his car less the sum of $50 deductible under the policy. In this suit the insurance company seeks to recover from James R. Dotson, owner of the Ford car, the said sum of $640 having been legally subrogated to any right of action which the insured might have had against Dotson.
In the petition it is alleged that the Mercury sedan was being driven by Mrs. Mut, wife of Henry R. Mut, with his permission, and was going in a southerly direction when it collided with the Ford car which was being driven by the defendant James R. Dotson, which was being driven in a northerly direction. It is further alleged that Mrs. Mut was driving in a careful manner and at a lawful speed in a moderately sharp right hand curve. That the road at that point made a double curve with a high embankment on her left hand side; that she was going through the first curve which was to her right when the Dotson car appeared in front of her, going at an excessive and dangerous rate of speed on its left hand side of the road and collided head-on with the Mercury. It is also alleged that the Dotson car was going so fast that the force of the impact shoved the Mercury backwards with its rear against the railing on its right hand side of the road and the front end was thrown to its left in the middle of the road and that the Ford did not stop until it had passed some distance north of the point of the collision.
The defendant filed a plea for oyer of the insurance policy and the act of subrogation alleged upon which was evidently complied with as they are both found in the record. The defendant then filed his answer in which he generally denies all of the allegations relating to the manner in which the accident occurred and avers on the contrary that the collision was due solely to the negligence of the driver of the Mercury car. The answer contains no allegation as to the manner in which the defendant claims it happened. In other words it merely puts the plaintiff to strict proof of the charge of negligence made, said negligence being the alleged cause of the accident.
It is shown by a stipulation of counsel and by the record itself that there had been previously filed in the same court in which this suit was filed, a suit by Mrs. Winnie Dotson, wife of James R. Dotson, and the said Dotson, against Mrs. Lena Mut and her husband, Henry R. Mut, in which the Dotsons sought to recover damages against the Muts, and in which the testimony taken was used and filed as part of the evidence in this case. In fact it constitutes the sole evidence with the exception of certain photographs which were re-offered and the insurance policy and act of subrogation on which the suit is based. There is a further stipulation between counsel to the effect that a certain party by the name of Mrs. T.J. Baltz who was a passenger in the Mut car was not called as a witness and did not testify because she was attending to a baby who was in the car with them, at the moment of the accident, and saw and knows nothing about it.
The Written opinion of the trial judge in the original suit of Dotson v. Mut is also filed in the record and from his written reasons it appears he concluded that the *Page 701 
drivers of both cars were at fault. He accordingly rejected the demand of the plaintiffs and also the demand which had been made by the defendants in reconvention. For the same reasons he rendered judgment in the present suit in favor of the defendant and against the plaintiff rejecting its demand. This appeal is from that judgment.
As is readily perceived from the foregoing statement, the case is one in which the facts surrounding the accident are involved and the only question presented is whether the negligence charged against the defendant Dotson has been shown to be the sole cause of the accident. That is the burden which the plaintiff undertook in this case.
It was natural to expect that the drivers of the respective cars would give different versions as to how the accident happened. Mrs. Mut of course claims that she was holding to her right hand side of the road in making the curve and that the Dotson car, if not on its left hand side entirely, was at least in the center of the road and blocked her path. Mr. Dotson on the other hand claims that he was hugging his right hand side of the road and that Mrs. Mut was on her left and in a desperate effort to try to swing her car over to her right just before the impact, caused the collision between the two cars.
In the car with Mrs. Mut (besides the lady already referred to) was her father, Mr. Henley, who testified as a witness on her side and in the car with Mr. Dotson was his wife, who testified as his witness. The testimony of both of these witnesses is not as positive and as exact as is that of the drivers of the two cars but the testimony of one may be said to balance that of the other just as that of the two principals in the case.
[1] Two other witnesses, one of them Mr. R.W. Stewart, the marshal of the town of St. Francisville, and the other, a Mr. Loper, repaired to the scene of the accident immedaitely after the accident had been reported to the marshal. When they got there they saw that the Dotson car was as close to the rail on its right hand side of the road as it could get and the Mut car was at an angle in the middle of the road. They could not state positively whether it had yet been moved or not, but even though it had, it was found necessary to move it a bit further so as to clear the road for traffic. They both observed skid marks on the highway leading from the top of the incline to the Dotson car. These were on the east side of the road which would be the left hand side of a driver of a car travelling south as the Mut car was. It is urged that these skid marks, if they were apparent, might well have been made by other cars that passed by the scene of the accident before these two witnesses arrived. We are convinced however, from their testimony and their description of them, that they were skid marks of the Mut car which, manifestly then, was on its wrong side of the road. These are physical facts which cannot be overlooked and must control in a case like this where the testimony of the participants in the accident is so conflicting.
[2] We are of the opinion that the plaintiff has failed to carry the burden of proof that was placed upon it and have concluded that the decree of the lower court by which the plaintiff's demand was rejected is correct and that the judgment should be affirmed.
Judgment affirmed at the costs of the appellant.