403 So.2d 800 (1981)
Mrs. Naomi BOYETTE, Roy Dean Boyette and Harvey Lowe, Plaintiffs-Appellants,
v.
AUGER TIMBER COMPANY, Employers Insurance of Wausau, Melvin Rowland and the Department of Transportation and Development, Defendants-Appellees and Third Party Defendants-Appellees.
No. 14589.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
Rehearing Denied October 1, 1981.
*801 Simmons & Nelson by Otha Curtis Nelson, Sr., Baton Rouge, for plaintiffs-appellants, Mrs. Naomi Boyette, Roy Dean Boyette and Harvey Lowe.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for defendants-appellees, Melvin Rowland, Auger, Inc. and Employers Ins. of Wausau.
Barham, Adkins & Coleman by Charles C. Barham, Ruston, for defendant-appellee, Auger, Inc.
John W. King, Baton Rouge, for defendant-appellee, The State of Louisiana, through the Dept. of Transp. and Development.
Davenport, Files, Kelly & Marsh by Thos. W. Davenport, Jr., Monroe, for third party defendants-appellees, Harvey Lowe and The Continental Ins. Co.
En Banc. Rehearing Denied October 1, 1981.
HALL, Judge.
This is an action to recover damages for personal injury and wrongful death resulting from the collision of a tractor-trailer rig and an automobile. Of the five persons occupying the automobile, three sustained severe injuries as a result of the accident: Harvey Lowe, driver of the automobile; Roy Boyette, guest passenger; and Charles Boyette, a minor guest passenger who died as a result of the injuries he sustained. Lowe, Roy Boyette, and Naomi Boyette, mother of the deceased guest passenger, filed suit against the owner of the tractor-trailer rig and its liability insurer, the driver of the rig, and the State of Louisiana, Department of Transportation and Development. The defendants filed a third party demand against Harvey Lowe and his liability *802 insurer, seeking contribution in the event they were cast in judgment. The matter, except as to liability of the state, was tried before a jury and a general verdict was rendered in favor of the defendant-owner of the rig and its employee-driver. In answer to specific interrogatories, the jury specifically found that the driver was not negligent in the operation of the truck and that Auger, Inc., owner of the truck, was not negligent in allowing its employee to drive the truck. The issue of the state's liability was determined by the trial court which specifically found that there existed no defect in the surface of the road or in maintenance of the road that contributed to the accident. Plaintiffs appeal and we affirm.
The accident in question occurred on January 18, 1979, sometime between the hours of 9:00 and 11:00 a. m. Lowe had been at the home of Naomi Boyette that morning and had offered to drive three of the Boyette brothers and their uncle, Oliver Ward, to various places. Lowe left the Boyette home with his four guest passengers and proceeded to Parker's Grocery, located on the west side of Louisiana Highway 33 in Union Parish about three and one-half miles from the Boyette home. The Lowe vehicle reached Parker's Grocery in about 10 minutes and one of the guest passengers went inside to make some purchases. The passenger returned to the vehicle and Lowe proceeded to drive through the parking lot of the grocery to the highway. Lowe stopped his vehicle at the edge of the highway and then proceeded to make a left-hand turn onto Louisiana Highway 33. When the Lowe automobile was in a position straddling both lanes of Highway 33, the automobile was struck broadside by a pulpwood tractor-trailer rig which was traveling south on the highway.
On appeal plaintiffs make 29 assignments of error. Sixteen of the assignments concern the trial court's sustaining of defense counsel objections to questions asked by plaintiffs' attorney. Most of the objections were sustained on the basis that the answer called for was irrelevant or that the question called for speculation on the part of the witness. After reviewing these alleged errors by the trial court, we find that all of these objections were properly sustained. These assignments of error lack merit.
Plaintiffs complain that the trial court erred in denying plaintiffs' motion for mistrial sought on the basis that their main witness was arrested in the presence of the jury on the first day of the trial and that one of the jurors, a deputy sheriff, was present in the sheriff's office when the witness was booked. The trial court found that a mistrial was not warranted because the witness was not arrested in the courtroom but was asked to leave the courtroom by a deputy sheriff who arrested the witness outside. The juror that was present when the witness was booked was dismissed as a juror on the following day thus curing any possible problem of prejudice. There was no error in the trial court's denial of this motion for a mistrial.
Plaintiffs also contend the trial court erred in denying their motion for mistrial sought on the basis of prejudicial remarks made during the opening statement by counsel for Harvey Lowe, Jr. in his capacity as third party defendant. After plaintiffs filed suit the defendants filed a third party demand against Harvey Lowe, Jr. and his liability insurer seeking contribution in the event the defendants were held liable on the main demand. Counsel for Continental Insurance Company filed an answer on behalf of the insurance company and Lowe, denying any negligence on the part of Lowe. Plaintiffs' counsel also filed an answer on behalf of Lowe, denying negligence and liability on the third party demand.
During his opening statement to the jury, counsel for Continental and Lowe as third party defendants argued that Lowe had been negligent in the operation of his vehicle and that his negligence was the sole cause of the accident. Counsel believed this to be the best defense against defendants' third party demand because if the defendants were found free of fault, there could be no claim against Lowe for contribution.
*803 The opening statements were made in the afternoon of the first day of trial. Plaintiffs' counsel made no objection at the time. One witness was called and testified before the trial was recessed at the end of the day. When the trial resumed the next morning, plaintiffs' counsel moved for a mistrial, arguing surprise at the position taken by Continental's counsel, that the position would be prejudicial to plaintiffs, including Lowe, who were asserting the negligence of the defendants as the sole cause of the accident, and that the contrary positions taken by separate counsel for Lowe would be confusing to the jury. The trial court denied the motion, commenting that each attorney would represent Lowe to the best of his ability according to his position in the case and noting that the opening statement was not objected to at the time it was made.
Plaintiffs claim on appeal that counsel's remarks severely prejudiced plaintiffs' case. On the one hand, Lowe as plaintiff, through his attorney, contended that the defendants were the only parties at fault and that all damages sustained by the plaintiffs resulted from the sole negligence of the defendants. On the other hand, Lowe as third party defendant, through another attorney, contended that he, Lowe, was solely at fault in causing the accident. Plaintiffs' claim that counsel's statements were prejudicial to the plaintiffs' main demand, particularly that of Lowe, and confusing to the jury is obviously correct.
The fact that objection was not made immediately when counsel for Continental made his opening statement is not important. Plaintiffs' counsel was obviously taken by surprise, since the position was contrary to that taken by counsel for Continental in his responsive pleadings. That counsel was going to take such a position was not revealed at pre-trial conference or by personal communication between counsel. On oral argument of this case, it was stated that counsel for Continental had not discussed the position to be taken with the insured Lowe or his retained counsel. Considering the surprise element, the fact that the motion for mistrial was made before the trial had progressed very far, and the fact that the objection was not merely to a remark made in the opening statement, but was to a position taken and to be pursued throughout the trial, the failure to make immediate and contemporaneous objection should not be considered as a waiver of the objection.
The position taken by counsel was a judgment call on his part as being the best defense on behalf of both Lowe and his liability insurer against the third party demand for contribution. That counsel's position prevailed insofar as the defense of the third party demands were concerned does not diminish the highly prejudicial effect that position necessarily had on the plaintiff's position as plaintiff. The trial should not have been allowed to proceed in this posture.
Because of the confusing posture of the case, which almost necessarily must have influenced the jury to the prejudice of the plaintiffs, we are faced with either reversing the judgment and remanding the case for a new trial or with deciding the case on the record before us. Where an appellate court has a complete record of all necessary evidence before it, it should under its constitutional authority review the facts as well as the law and render a judgment on the merits. When an appellate court believes that errors committed at trial influenced the jury verdict, it should undertake an independent evaluation of the facts and adjudicate the controversy before it. Suhor v. Gusse, 388 So.2d 755 (La.1980); Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976); Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975); Williams v. Sentry Ins. Co., 370 So.2d 901 (La.App. 1st Cir. 1979), writ denied 372 So.2d 1055 (La.1979). However, a case should be remanded where the weight of the evidence is so nearly equal that a firsthand view of the witnesses is essential to a fair resolution of conflicting evidence and issues. The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record. Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980).
*804 In this case, the evidence is complete with very little conflict and is such that this court can fairly find a preponderance of the evidence. After an independent evaluation of the evidence, we conclude that the preponderance of the evidence clearly establishes that the sole legal cause of the accident was Lowe's negligence and that the defendants were not negligent.
Trooper Larry Averitt of the Louisiana State Police, qualified as an expert in the field of accident investigation, investigated the accident which is the subject of this suit. The trooper testified that weather conditions on the day of the accident created some problem with visibility; it was a cloudy day with intermittent rain and some fog in the area of the accident. It was trooper Averitt's opinion that there were no visual impairments to motorists in the area due to the fog. After investigating the scene of the accident, the trooper determined, and testified without objection, that the truck driven by the defendant was being driven at approximately 40 miles per hour; the speed limit in the area of the accident is 55 miles per hour. Additionally, the trooper found that the impact occurred in the truck's lane of travel. After completing his investigation, the trooper issued a citation to Harvey Lowe, Jr. for failure to yield the right of way, to which charge Lowe later pled guilty and paid a fine.
Lowe and two of his guest passengers testified that the fog was so heavy on the morning of the accident that they could not see more than 15 to 20 feet away. All testified as to the difficulty in seeing out of the car and Lowe had wiped off the front and back windows while stopped at the grocery store. Additionally, these witnesses testified that Lowe stopped his vehicle on the edge of the highway and looked in both directions and had his passengers look in both directions before he proceeded out onto the highway. Seeing nothing coming, Lowe pulled out into the highway. One of the passengers saw the headlights of the oncoming truck and shouted out. Lowe saw the lights of the truck just before it hit his car.
The driver of the truck testified that, although it was foggy, the fog was not so bad as to obscure his vision and he was able to see the automobile in the parking lot of Parker's Grocery when over 100 yards away from the point where the accident occurred. Other witnesses called by the defendant also testified that although it was foggy on the morning of the accident a driver could still see vehicles approaching on the highway. The defendant driver of the truck testified that he saw the Lowe vehicle but did not think it was going to pull out onto the highway. The driver testified that he applied his brakes immediately when he saw that the Lowe vehicle was moving onto the highway but, by that time, he was too close to the vehicle to avoid impact. The truck driver did not have the last clear chance to avoid the accident because he was confronted with a sudden emergency when Lowe pulled out onto the highway in front of him and did not have time to take evasive action.
After reviewing the record in this case we find, as did the jury and the trial judge, that the driver of the truck was not negligent in the operation of his employer's vehicle. Since the driver was not guilty of negligence which was a legal cause of the accident, plaintiffs' claim against the driver's employer based on its alleged negligence in allowing its employee to operate the truck must also fall. Therefore, we affirm the judgment of the trial court dismissing plaintiffs' suit against these two defendants and their liability insurer.
Plaintiffs also contend on appeal that the trial court erred in finding that plaintiffs failed to prove any actionable negligence or fault on the part of the Louisiana Department of Transportation and Development. Plaintiffs attempted to prove at trial that overhanging limbs near the shoulder of Louisiana Highway 33 obscured Lowe's vision and that the department's negligence in failing to remove the overhanging branches was the proximate cause of the accident.
Photographs of the accident scene introduced into evidence, as well as the testimony *805 of several witnesses including the guest passengers in the Lowe vehicle, established that the trees which allegedly obscured Lowe's vision were located some 250 to 300 yards north of the accident scene. Based on the view of the scene of the accident and the testimony of the witnesses, the trial court concluded that there was no obscurement of vision because of overhanging limbs. Furthermore, the trial court noted that Lowe and one of the guest passengers testified that visibility was very low because of heavy fog and that they could not see more than 15 to 25 feet from the automobile.
The trial court specifically found that there existed no defect in the surface of Louisiana Highway 33 and that the department was not negligent in its maintenance of the highway. The record clearly establishes that these findings by the trial court are correct.
Finally, plaintiffs contend the trial court erred in failing to grant them a new trial. LSA-C.C.P. Art. 1972 sets forth the grounds upon which a new trial must be granted:
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
"(1) where the judgment appears clearly contrary to the law and the evidence;
"(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
"(3) In jury cases, as provided in Article 1814."
LSA-C.C.P. Art. 1814 pertains to jury trials:
"A new trial shall be granted if it be proved that the jury was bribed or has behaved improperly so that impartial justice has not been done."
After a hearing on the motion for a new trial, the trial court found no evidence of improper behavior on the part of the jury. The court further found that the jury verdict was in accordance with the law and the evidence. The record of the evidence on the hearing of the motion for a new trial reveals that there was no evidence of newly discovered information, and no evidence of any misconduct on the part of the jury which would require the trial court to grant plaintiff a new trial. The assignments of error relating to the motion for a new trial are without merit.
In summary, we conclude from our independent analysis of the record that the defendant-driver of the truck was not negligent in the operation of his vehicle. Additionally, we find that the trial court was correct in concluding that the Department of Transportation and Development was not negligent in its maintenance of the road and that there was no defect in the surface of the highway. The sole cause of the accident was Lowe's negligence in entering the highway in front of the oncoming truck.
The judgment of the trial court dismissing plaintiffs' suit against all defendants is affirmed at the costs of plaintiffs-appellants.
Affirmed.
MARVIN, J., concurs with written reasons.
MARVIN, Judge, concurring.
I concur in this very excellent opinion and for the purpose of emphasizing that all lawyers and judges should become thoroughly familiar with the ethical responsibilities of particularly those lawyers who undertake to represent multiple clients. See EC 5-14 through EC 5-17, LSBA Lawyer's Deskbook, Code of Professional Responsibility, Title 37, LSA Vol. 21(A).
The essence of the Code and the express pronouncement of the Opinions on Ethics is that it is not ethically proper for an attorney to represent both the driver of an automobile and that driver's guest passengers as co-plaintiffs in an action arising out of a two-car collision, and particularly when a third party action later asserts the negligence of that driver as a cause of the accident. Opinion on Ethics No. 102, p. 0-3, LSBA Lawyer's Deskbook, and authorities therein.
*806 The Code is also clear in providing that while the lawyer, during his representation of a client, is entitled to make some tactical decisions on his own, the lawyer is not entitled to make the decisions which affect the merits of the cause or which substantially prejudice the client's rights. EC 7-7, LSBA Deskbook, Title 37, supra.
I especially concur in the statement of the majority that the trial of this case should not have been allowed to proceed in the posture where the one attorney was representing Harvey Lowe and Lowe's guest passenger after the third party action was filed and was asserting that Harvey Lowe was not negligent, and where the second attorney, representing Harvey Lowe and his liability insurer in the third party action, was asserting to the jury Lowe's negligence as the sole cause of the accident. Canons 5 and 9, EC's 5-1, 5-14, 5-15, 5-16, 5-17, 7-7, 7-8, and 7-9, and Opn. Nos. 102, 140, 147, 281, and 339 afford guidance to the lawyers who find themselves in the position of Harvey Lowe's lawyers.
The Code of Professional Responsibility, since Watergate, is a required course in the nation's law schools. Members of the profession have the duty to maintain competency in all areas of the law, including this area, for the good of the client and of the profession. Canons 1 and 6, CPR.