STOKER, Judge.
This is a suit for damages for personal injuries and property loss resulting from a one-vehicle accident. Plaintiff, Ronney L. Broussard (Broussard) alleges that defendant C. L. Gurganious (Gurganious) forced him off a narrow state highway. A jury found in Broussard’s favor and against Gur-ganious and his co-defendants.
There are two principal issues in this appeal:
1. The appellants contend that the trial court’s conduct with reference to jury issues was so out of order that we should reverse the judgment based on the jury verdict and remand the case for a new trial.
2. The second issue is contingent on our conclusion with reference to the first issue. Broussard claims Gurganious was in Brous-sard’s lane of travel and forced Broussard to drive off the highway to avoid collision. The defendants raised contributory negligence on the part of Broussard as an affirmative defense. The trial court took several actions to make certain that the jury did not consider this defense. Notwithstanding the trial court’s action, we must apply Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975) and decide whether the record contains sufficient evidence for us to decide the issue of contributory negligence. Since we conclude that the record is sufficient, we must deny the requested remand for a new trial and decide the contributory negligence question ourselves.
FACTS
Broussard and Gurganious were both gravel haulers. They were operating on Louisiana Highway 774 in LaSalle Parish, Louisiana, on July 9,1980. They were traveling in opposite directions and were meeting one another. Gurganious was operating a loaded tractor-trailer gravel rig in a westerly direction. His employer was Texas Industries, Inc. and his insurer was Travelers Insurance Company, both of which are also defendants and appellants. The highway in the area is through hilly country and consists of narrow blacktop or asphalt.
*1351 As Broussard topped a hill he observed Gurganious meeting him in Broussard’s lane of travel. The highway apparently was in poor condition and Gurganious was admittedly over the center line in an attempt to avoid a pot hole. Broussard was operating a 1980 Peterbilt tractor and empty trailer which he owned. The two units of the rig were approximately twenty-three feet long. Broussard applied his brakes leaving skid marks on the highway, and his rig then went off the highway. There was no contact between the two rigs. Brous-sard’s rig jack-knifed and caused injury to Broussard and damage to his rig.
The jury found that Gurganious was negligent, and his negligence was a proximate cause of the accident. This was the sole issue relative to liability submitted to the jury. The trial court submitted interrogatories to the jury which rendered a special verdict under LSA-C.C.P. art. 1811. The trial court refused to submit the issue of the plaintiff’s alleged contributory negligence. Moreover, the trial court directed the plaintiff’s attorney not to argue the issue of contributory negligence before the jury (Tr. 285-247) and refused to instruct the jury on the issue of contributory negligence. Defendants’ counsel made appropriate objections at all appropriate times to the trial court’s rulings.
In defendants’ brief they argue that the evidence established Broussard was contrib-utorily negligent in two respects: (1) he was traveling at an excessive rate of speed under the particular circumstances and (2) he failed to maintain proper control of his tractor-trailer. They specifically pleaded such negligence on the part of Broussard as a bar to his right to recover. The trial court arrived at a contrary conclusion. Based on this conclusion the trial judge issued the ruling that the defendants’ counsel would not be allowed to argue the question of contributory negligence to the jury. As noted above the trial court also refused to give any instruction to the jury relative to contributory negligence concerning the two points and omitted any interrogatories in the special interrogatories submitted to the jury.
SPECIFICATIONS OF ERROR
Appellants set forth the following specifications of error in their brief filed with this court:
“1. The Trial Court erred in ruling as a matter of fact that there was no evidence in the record to support defendants’ plea of contributory negligence in bar of plaintiff’s claim.
“2. The Trial Court erred in refusing to submit to the jury the issue of the contributory negligence in bar of plaintiff’s claim.
(a) The Trial Court erred in refusing to charge the jury on the issue of contributory negligence in bar of plaintiff’s claim.
(b) The Trial Court erred in refusing to submit to the jury an interrogatory on the issue of contributory negligence in bar of plaintiff’s claim.
“3. The Trial Court erred in instructing counsel for defendants to refrain from arguing contributory negligence in bar of plaintiff’s claim during defendants’ closing argument.
“4. The Trial Court erred in refusing to sustain defendants’ objection to the charge to the jury on the presumption of negligence under the facts of this case.”
We conclude that the trial court did indeed err as set forth in appellants’ specification 1, 2, and 3. These errors do not necessarily require that we remand the case for a new trial which is the remedy appellants seek here. The standard for granting a new trial in such cases was considered by the Louisiana Supreme Court in Gonzales v. Xerox Corporation, supra, and again in Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980). These cases hold that if the record is complete and an appellate court has all the facts before it, an erroneous jury instruction does not warrant a remand. See also Boyette v. Auger Timber Co., 403 So.2d 800 (La.App. 2nd Cir. 1981).
*1352 The rule of Gomales results in depriving a litigant of a jury trial on a jury issue. This is clear as is noted in the dissents in Gonzales and Ragas. The rule results in the anomaly that, while we as the intermediate appellate court hold that the trial court erred in depriving appellants of a jury consideration of serious issues of fact, we are at the same time mandated to go ahead and decide those issues on the record under our own constitutionally granted authority to review lower court findings of fact. The rule is grounded on judicial economy and expediency.
It is not every trial court error which may be corrected on appellate review. The Supreme Court in Ragas, in commenting on and Gonzales, said:
“Where a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record.
This is not to say, and Gonzales should not be read to require, that the appellate court must find its own facts in every such case. There are cases where the weight of the evidence is so nearly equal that a first-hand view of witnesses is essential to a fair resolution of the issues. The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record. Where a view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial.”
Appellants persuasively argue in this case that the weight of the evidence is balanced and a first hand view of the witnesses is essential to a fair resolution of the conflicting evidence and the issues. We are not persuaded that this is so. The record appears to us to be quite complete. Counsel does not suggest that any additional evidence is necessary to complete the record. Under Gonzales and Ragas we believe it is our duty to decide the issue of Broussard’s alleged contributory negligence and deny the requested remand.
WAS BROUSSARD GUILTY OF CONTRIBUTORY NEGLIGENCE?
Where contributory negligence is pleaded in bar of a plaintiff’s recovery, the defendant so pleading bears the burden of proving the plaintiff’s negligence. This principle requires no citation. Upon consideration of the evidence we find that appellants have not borne their burden of proof.
Appellants relied on the testimony of the investigating officer, Trooper Russell Trapp of the Louisiana State Police. Broussard testified that he was driving at a speed of fifty-five miles per hour which was the posted speed limit. Appellants’ counsel elicited an opinion from Trooper Trapp that on this particular highway, Louisiana Highway 774, fifty-five miles per hour would not be a safe speed. The trial court sustained objection to the testimony and, in fact, appellants’ counsel withdrew the question which drew forth the Trooper’s opinion. The trooper was not qualified as an expert in any specialty. Other than the presence of pot holes, the narrowness of the road and the visibility problems created by the hilly or rolling nature of the highway and some curves, the record presents no circumstances indicating that fifty-five miles an hour was an excessive rate of speed for Brous-sard to have maintained at the time.
The length of the skid marks left by Broussard’s unit do not alone preponderate as evidence of excessive speed. The charge that Broussard was guilty of contributory negligence which was a cause of this mishap is speculative.
The claim that Broussard failed to maintain proper control of his rig is also speculative. His rig consisted of a tractor and trailer. The problem inherent in braking two such separate units running at high (but legal) speeds is almost common knowledge. Photographs introduced in evidence show that the highway at the place of the incident is indeed narrow and has narrow shoulders. Any infringement of Brous-sard’s lane of travel would present serious *1353 problems of control. Appellants have not shown by any preponderance of evidence that Broussard’s conduct was below standard in the matter of control of his rig. It appears more probable to us that, under the circumstances created by Gurganious, Broussard took action which was reasonable but which failed because of the narrowness of the highway and shoulders — all factors beyond Broussard’s control.
Prudence might have called for Brous-sard to have maintained a more moderate speed. Also it is possible that a driver of greater skill might have successfully maintained control under the circumstances. However, defendants’ evidence does not preponderate to the point of proof that Broussard was contributorily negligent in these respects.
Defendants claim that Gurganious’ rig had returned to its proper lane of travel before Broussard’s rig reached Gurganious’ rig. The jack-knifing apparently occurred after the two rigs passed one another. We see no particular probative value in such facts and they do not affect our conclusions.
ADVERSE PRESUMPTION AGAINST DRIVER IN WRONG LANE OF TRAVEL
Defendants’ fourth specification of error may be set forth through their formal written objection to a jury instruction given by the court:
“Defendants object to plaintiff’s requested jury charge on presumption of negligence, which requested jury charge reads as follows:
‘You are instructed that a motorist who is shown to be in the wrong lane of traffic when an accident occurs is presumed to be negligent and it becomes incumbent upon such driver to show that he committed no fault, however slight, which contributed to the accident.’
“Defendants show that the prima facie presumption of negligence on the part of a driver of a vehicle overtaking or passing another with reference to an oncoming vehicle arises only when the attempt to pass is made when there is not a sufficient distance ahead to permit such overtaking and passing to be made in safety. Guillory v. Bordelon Lines, Inc., 23 So.2d 699 (La.App.Orl.1945). Defendants further show that plaintiff’s requested charge is not consistent with the facts of this case.”
Defendants claim the instruction given was not consistent with the evidence in two respects. The first, so defendants claim, is that Gurganious had returned to his proper lane when Broussard left the highway. (This point is in dispute.) Defendants also contend that both drivers testified that when Broussard first crested the hill and saw Gurganious in his lane, there was a distance of from 600 to 750 feet between the two vehicles.
The instruction objected to is a correct statement of the law. Simon v. Ford Motor Company, 282 So.2d 126 (La.1973); Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957) and Baham v. Patterson, 353 So.2d 366 (La.App. 1st Cir. 1977). Had the trial court been so inclined, it would perhaps not have been error for the trial court to have added some qualification based on the holding in Guillory v. Bordelon Lines, Inc., supra. There was no error in not doing so. Inasmuch as the jury found Gurganious was negligent and his negligence was “a proximate cause of the accident,” it must have resolved the question of fact as to his presence in the wrong lane against defendants.
On the second point, the alleged distance between the vehicles when the accident occurred, we must assume defendants’ contention has reference to the time Brous-sard applied brakes and began to travel toward the shoulder. (The accident consisting of the jack-knifing of Broussard’s rig, which caused injury to Broussard and damage to his rig, apparently did not occur until after the vehicles had passed one another.) If defendants’ evidence had convinced the jury that the distance factor put all the blame on Broussard and none on Gurganious, then defendants would have met the burden of the law given in the instruction *1354 to show Gurganious “committed no fault ... which contributed to the accident.” In other words, the jury would not have found the presumptive fault of Gurganious to have been a cause in fact of the accident. But the jury did find Gurganious was guilty of negligence and that it was a proximate cause of the accident.
We do not find that there is merit to defendants’ objection to the jury instruction in question.
CONCLUSION
For reasons given above we affirm the judgment of the trial court. The costs of this appeal are assessed to appellants.
AFFIRMED.