437 So.2d 925 (1983)
Harvey LOWE, Jr., Naomi Boyette & Roy Dean Boyette, Plaintiffs-Appellants,
v.
CONTINENTAL INSURANCE COMPANY & Thomas Davenport, Defendants-Appellees.
No. 15538-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
Rehearing Denied September 29, 1983.
Writ Denied November 28, 1983.
*926 Otha Curtis Nelson, Sr., Baton Rouge, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by Ronald L. Davis, Jr., Monroe, for Continental Ins. Co.
Davenport, Files & Kelly by William G. Kelly, Jr., Monroe, for Thomas Davenport.
Before PRICE, MARVIN and SEXTON, JJ.
MARVIN, Judge.
As a sequel to Boyette v. Auger Timber Co., 403 So.2d 800 (La.App.2d Cir.1981), this appeal illustrates the wisdom of the ethical obligation of a lawyer to exercise independent and competent professional judgment on behalf of his individual client and to be especially sensitive to other interests which might affect the lawyer's judgment. Canons 5, 6, CPR.

THE BOYETTE ACTION
In the Boyette personal injury action, Lawyer N continued to represent both Lowe and the Boyettes, who were guest passengers in Lowe's automobile, even after the driver of the other vehicle in the accident asserted, in a third party demand, Lowe's negligence as a cause of the accident and claimed contribution from Lowe in the event the Boyettes recovered judgment against that driver. This representation of the driver and guest passengers in one vehicle was ethically improper. See Boyette concurrence.
To compound the impropriety, Lawyer D, who was representing both Lowe and Lowe's liability insurer (Continental) in defending the third party demands for contribution, chose to assert to the jury, as a matter of trial strategy, that Lowe's negligence was the sole and only cause of the *927 accident, notwithstanding the absence of Lowe's consent to the strategy and Lowe's contrary position as a co-plaintiff in the main demand.
We there criticized each lawyer. We found that Lawyer D's assertion to the jury highly prejudiced Lowe's position and that the trial should not have been allowed to proceed to jury verdict. We affirmed the judgment, however, independently finding that the sole cause of the accident was Lowe's negligence.

THE PRESENT ACTION
After Boyette became final, Lowe and the Boyettes, again joined as co-plaintiffs and represented by Lawyer N, brought this action in damages against Lawyer D and Lowe's liability insurer, Continental. Plaintiffs here allege the occurrence of the Boyette accident, the injuries that were "caused partially" [?] by the negligence of the other driver, that the other driver sued Lowe, that Continental settled that suit, but breached the duty owed to Lowe by failing to "adequately investigate the accident and [by] reaching the conclusion that ... Lowe was contributorily negligent ...," that Lawyer D made the assertion to the jury which greatly deprived plaintiffs "of being able to receive a fair and impartial trial," that Continental was remiss in its duty to Lowe by not placing the proceeds of its liability policy into court, that Continental knew of the injuries and death sustained by the Boyettes, and that plaintiffs should recover itemized damages.
Continental filed exceptions of prescription and of no cause of action. Lawyer D filed an exception of no cause of action and moved for summary judgment. Plaintiffs then filed a supplemental petition which alleged that Lawyer D and Continental "failed to comply with" and are guilty of "... unfair deceptive methods ... declared unlawful by [The Unfair Trade Practice and Consumer Protection Law]," and that plaintiffs' reputations have been damaged and they have been denied a "fair appeal" because Lawyer D served as a law clerk for this court of appeal.
The trial court sustained Continental's exceptions of prescription and of no cause of action, Lawyer D's exception of no cause of action, and granted Lawyer D's motion for summary judgment.

THE ASSIGNMENTS OF ERROR
In this appeal from the judgment dismissing their action, plaintiffs assign three errors which we are required to address: the trial court failed to give written reasons as requested, the deficiencies in plaintiffs' petition were "cured" by their supplemental petition which was not answered by defendants, the trial court's ruling effectively deprives them of their "day in court".

NUMBER 1
As "reasons for judgment", the trial court merely cited Boyette. Whether these "reasons" are sufficient compliance with CCP Art. 1917, we need not decide. Even if the trial judge had failed to give any reasons, the judgment would not be reversed. Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir.1979), writ denied, squarely held that the litigant's remedy in such a situation is to apply for supervisory writs or to move for a remand to compel the trial judge to comply with CCP Art. 1917.

NUMBER 2
The supplemental petition adds nothing in the way of factual allegations to plaintiffs' original petition. Its allegations present mere conclusions which we find without merit and which do not warrant our further consideration.
The original allegation that Continental and Lawyer D failed to adequately investigate the Boyette accident is also nothing more than a conclusion and does not assert that witnesses or evidence were available which might have changed to result of Boyette. The effect of the allegation of inadequate investigation is not related by plaintiffs to any of the three assignments of error and is not argued in any context in plaintiffs' brief.
Remaining as an assignment of error is the cause of action which arises in favor of *928 either or both the Boyettes and Lowe by the assertion of Lawyer D to the jury. We found in Boyette that this allegation was highly prejudicial to Lowe's position as a co-plaintiff in Boyette and the fact of the allegation is alleged here.

NUMBER 3
Continental and Lowe were sued in a separate action by the driver of the Auger Timber Company truck and by Auger's worker's compensation insurer for amounts it paid to or for the driver. Continental paid half of its $10,000 liability limits in settlement of these demands and that action was dismissed before Boyette was tried.

Continental's Duty
The duty owed by a liability insurer under the direct action statute (LRS 22:655) to persons injured by its insured is not superior to the settlement clause of the policy. The settlement clause authorizes an insurer to compromise and settle such claims without the consent of the insured. Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1977); Richard v. Southern Farm Bureau Casualty Ins. Co., 254 La. 429, 223 So.2d 858 (1969).
In such a situation, a liability insurer, at its own risk, may compromise some claims, exhausting the amount of the liability insurance, and leave other injured parties with little or no recourse against the insurer, even where the insurer knows of the claims of other injured persons. Richard, 223 So.2d at p. 861. Holtzclaw strongly affirmed this principle.
Although Continental knew that the Boyettes suffered injury and death in the accident, the Boyettes made no demands against Continental or Lowe until after their claims arising out of the January 18, 1979, accident had prescribed.
Under the factual allegations of plaintiffs' petitions, Continental was not obligated to deposit the remaining amount of its liability policy into court for the benefit of the Boyettes. Because the Boyettes did not make demands on or sue either Continental or Lowe, we cannot find that Continental breached any duty it may have owed to the Boyettes or that it acted unfairly or in bad faith toward them.
Continental owed Lowe the duty of defending demands and suits brought against him arising out of his operation or use of the insured automobile and had the obligation of paying, within its policy limits, such amounts as Lowe became legally obligated to pay as damages to persons injured by his fault. We have emphasized that plaintiffs have alleged that the Auger truck driver was "partially" at fault. We cannot find that Continental breached a duty to Lowe under the allegations of plaintiffs' petitions, however favorably the allegations are construed. See Holtzclaw, supra. In these respects, we shall affirm Continental's exception of no cause of action as against the Boyettes and Lowe. If the petition is couched as arising out of Lowe's negligence in the accident, the Boyettes' claims have prescribed.

Lawyer D's Duty To The Boyettes
In the posture of the Boyette trial, the Boyettes were potential claimants against Lowe and Continental, but in actuality they were merely Lowe's passengers and witnesses at the trial. Lawyer D owed them the courtesy owed to any other witness in an adversary proceeding, but they were not D's clients and we cannot find or infer from the factual allegations that D breached any duty he may have owed the Boyettes. His duty was to his clients, Lowe and Continental, and not to the Boyettes, even though Lawyer N had joined them with Lowe as co-plaintiffs in the main Boyette action. We shall affirm the sustaining of Lawyer D's exception of no cause of action against the Boyette demands for the same reasons we affirm the Continental exception.

Lawyer D's Duty To Lowe
Because of his professional obligations to Lowe, Lawyer D was not privileged, without Lowe's express and knowledgeable consent after full disclosure, to make strategic decisions in his defense *929 which substantially prejudiced Lowe's interests as a plaintiff in the main action. See Boyette concurrence.
Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982), recently shifted to the defendant lawyer in a malpractice action some of the evidentiary burden that before rested on the plaintiff client. Where a client shows that his lawyer's professional impropriety has caused him some loss, the lawyer then has the burden of overcoming that client's prima facie case by showing that the client could not have succeeded notwithstanding the impropriety. From the record of this trial within a trial, the appellate court must determine whether the lawyer has met his burden. Jenkins, at p. 1110.
When considering the peremptory exception of no cause of action, we are required to take every factual allegation of a plaintiff's petition as true. Evidence is not admissible. North Central Utilities, Inc. v. Walker Community Water System, Inc., 437 So.2d 922 (La.App. 2d Cir.1983). Lowe has alleged the fact of the assertion and that it caused him to be denied or deprived of a fair trial in Boyette. He has also alleged factual details of how the driver of the Auger truck was "partially" at fault in the accident, impliedly, at least to us, stating that Lowe was also at fault. He does not allege other facts which warrant our discussion. If Lowe was negligent, wholly as we found in Boyette, or partially as he seems to imply in this action, he would be barred from recovery as a matter of law. His argument that he is denied his day in court in such a situation overlooks the very purpose of the peremptory exception and its place in the law.
We addressed the "fair trial" issue in Boyette. Once we found that Lawyer D's assertion to the jury was prejudicial to Lowe's interest as a plaintiff, we were then faced either with remanding for a new trial or with deciding the appeal from the judgment by making an independent review of the evidence viewed most favorably toward Lowe. LSA-Const. Art. 5, § 10. CCP Art. 2164.
We determined that we could fairly and independently evaluate and find the preponderance of the evidence because we were convinced that the weight of the evidence was not so nearly equal that a firsthand view of the witnesses was essential to a fair resolution of the issues and because that evidence presented very little conflict. Boyette at pp. 803-804.
Our expressions regarding fairness resolved the issue of whether Lowe received a fair trial in Boyette. Fair trial was also at issue in Boyette in the assignment of error there directed at the trial court's refusal to grant a new trial. The fair trial issue, however, is resolved against Lowe only with respect to his demands against Auger and the other defendants in Boyette. It is not resolved for the purposes of Lawyer D's exception of no cause of action in this action. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978). Common law collateral estoppel is not recognized in Louisiana. See Welch, supra. Lowe has alleged, a la Jenkins, and however inarticulately, a cause of action against Lawyer D and we shall reverse the sustaining of Lawyer D's exception of no cause of action against Lowe.

SUMMARY JUDGMENT
In the motion for summary judgment, Lawyer D admits the assertion to the jury but effectively contends that, in the absence of any other factual allegation and as a matter of law because of the now final decision in Boyette, Lowe was not deprived of a "fair trial", which he alleges. Whether it appears that plaintiff might or might not prevail at a trial on the merits is of no moment. The question on summary judgment is whether there is a genuine issue of material fact. CCP Art. 966; Phillips v. William Glen Roy, et al., 431 So.2d 849 (La.App. 2d Cir.1983).
Lawyer D asserts in the motion for summary judgment that Lowe has not alleged that he would have recovered damages from Auger except for Lawyer D's assertion or that there are additional facts or *930 information that should have been submitted to the court which would have resulted in a judgment in Lowe's favor in Boyette. Lawyer D essentially argues that the fair trial issue, in the absence of other allegations, was resolved by our review in Boyette. In this respect, we must agree.
We have again reviewed Boyette, and in the light most favorable toward Lowe. We again determine that a view of the witnesses is not necessary to our fair resolution of the factual issue, that the evidence presents no real conflict, and is not nearly equal in weight, and that it is easily discernible that the sole fault of the Boyette accident rested with Lowe in the particulars mentioned in Boyette. A jury's factual finding is not final or inviolate in the Louisiana system. Appellate courts review and determine facts. Even in the normal appeal where a jury verdict, though entitled to great weight, is clearly wrong, a judgment based on that verdict may be reversed or modified. See Jenkins v. St. Paul Fire & Marine Ins. Co., 393 So.2d 851 (La.App. 2d Cir.1981), 422 So.2d 1109 (La. 1982).
In the Boyette appeal we gave absolutely no weight to the jury verdict because of Lawyer D's assertion. Our review of the record was independent of the verdict and amounted to a fair [re]trial of the merits. Here, there is no genuine issue of material fact that Lowe received a fair adjudication or trial from this court in Boyette. That is the sole issue raised under Lowe's limited factual allegations in this action. No genuine issue of material fact is presented and the summary judgment, we find, was properly granted.

DECREE
The judgment dismissing the Boyette and the Lowe action as against Continental on the exception of no cause of action is AFFIRMED. The judgment dismissing the Boyette action against Continental on the exception of prescription is AFFIRMED. The judgment dismissing the Boyette action on the exception of no cause of action as against Lawyer D is AFFIRMED. The sustaining of Lawyer D's exception of no cause of action as against Lowe is REVERSED. The summary judgment in favor of Lawyer D and against Lowe dismissing Lowe's action is sustained. Appellees are cast for costs.

EPILOGUE
The Code of Professional Responsibility has the force and effect of substantive law. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 115 (La.1979). The Disciplinary Rules are mandatory. If each member of the profession, lawyer or judge, recognizes his or her obligation to maintain competency in this area of the law for the good of the client and the profession, disputes of this sort will, as they should, be avoided. See Boyette Concurrence and Opinions of Committee on Professional Responsibility, LSBA Attorney's Desk Book.