BAILES, Judge Pro Tern.
This is an action in tort. The plaintiff, father of the injured minor, Leslie W. Le-febvre, brought this action against defendant to recover damages for the injury his son sustained when he was struck in the eye by a skyrocket or bottle rocket thrown by another minor named A. C. Ferachi. The defendant is the comprehensive liability insurer of the household of Anthony Forte. The minor, A. C. Ferachi, is a member of the Forte household, being the son of Mrs. Anthony Forte by a previous marriage.
The trial court denied recovery on its finding that the injured youth, Leslie W. Lefebvre, assumed the risk attendant to the shooting of the rockets. We affirm.
The facts appear relatively simple. On the evening or night of December 18, 1971, a group of young boys ranging in age from 13 to 16 years, all known to each other, were assembled in the neighborhood of the intersection of Regina Street and Delacroix Avenue in the Town of Plaquemine, Louisiana. By mutual agreement, the boys pooled their pocket money and purchased a quantity of skyrockets, also known as bottle or penny rockets, for the purpose of engaging in the playful game of “battle.”
*70 After purchasing the rockets, the boys divided into two groups, and the rockets were divided among all the boys. The two “battle” groups opposing each other were from 100 to 200 feet apart on a vacant neighborhood lot. The mock battle was participated in for about an hour. After this time, the group of which young Le-febvre was a member had depleted its supply of rockets. Lefebvre and two other youths of his group walked toward the street adjacent to the vacant lot. While Leslie had told his group that he had to go home, his disengagement was not communicated to the opposing group. Young A. C. Ferachi was not aware of Leslie’s plan to go home or to withdraw from the “battle.”
While Leslie Lefebvre, Tony Gulotta and Peter Migliacio, all members of the same group, were standing near the street, and at a distance of about 100 feet from A. C. Ferachi, the latter lit a rocket and threw it at Tony Gulotta. The rocket, through its inherent erratic action, missed Tony and struck Leslie Lefebvre in the right eye.
The facts surrounding the activity of the boys immediately prior to the injury is clearly described in the following testimony of young Lefebvre:
“Q. Now, as I understand your earlier testimony, after you and the other two boys who were on your end of the field had shot the firecrackers that you all had, from that time as you were walking across the field and got to the street, the other boys were still shooting ?
A. Yes sir.
Q. And where were they shooting ?
A. Every direction.
Q. In every direction ?
A. Yes sir.
******
Q. I assume, then, had you seen the rocket when it was first shot and coming toward you that you would have ducked or put something over your head?
A. Yes sir.
Q. You just didn’t see it ?
A. No sir.
Q. But you knew those boys were still shooting firecrackers ?
A. Yes sir.
******
Q. Allright. Now, you also said that you had given out of firecrackers but you had bummed some more from other people and continued after you gave out, isn’t that true?
A. Yes sir.
Q. So when the three of you all left your position on the field and walked toward the street, you didn’t know whether there was going to be any more shooting or not, did you ?
A. No sir.
Q. And during that time the boys at the other end were still shooting the skyrockets?
A. Yes sir.
Q. And those skyrockets would go crazy anywhere in the world, wouldn’t they?
A. Yes sir.
Q. Let me ask you this: Even though you had given up, the other side had not given up the battle yet, had they?
A. I don’t know. They were still shooting.
* ;¡c * * * *
Q. Were they — you told Mr. Moore they were still firing, however?
*71 A. Yes sir.
Q. Who were they firing' — -what were they firing at? What direction?
A. Any direction.
Q. Any direction?
A. Yes sir.
‡ * ‡ % ‡
Q. Then my final question is this: When you and the two hoys that were with you left your position on the field and started walking toward the street, before you got to • the street the other boys at the fireplug were still shooting rockets, weren’t they?
A. Yes sir.
Q. And after you got in the street they were still shooting rockets, weren’t they?
A. Yes sir.
Q. And you saw that ?
A. Yes sir.
It appears from the testimony of these boys that they had just moved toward the curb when A. C. Ferachi threw his rocket at Tony Gulotta. Tony said “look out” and Peter Migliacio moved out of the way and Leslie Lefebvre looked around toward the rocket whereupon it struck him in the eye.
The defendant in addition to denying any negligent action or conduct on the part of A. C. Ferachi, pleaded in bar to recovery the contributory negligence of young Lefebvre and the assumption of risk.
In Flores v. Fatsis, La.App., 231 So.2d 584 (1970), the court in discussing the applicability of assumption of risk to bar recovery of damages, said:
“Under Louisiana law, the doctrine of ‘assumption if risk’ is applicable to those situations in which the plaintiff, with full knowledge of a danger or peril, freely and voluntarily enters into a relationship with the defendant involving some danger to the plaintiff which may result because of the defendant’s contemplated conduct or action. * *
Herein Leslie Lefebvre freely and voluntarily joined the party for the express purpose of shooting rockets at the other group. The danger of a rocket striking a member of the group was ever present. Further, Leslie must have anticipated and contemplated the action of A. C. Ferachi, a member of the opposing group, of throwing rockets toward his group. Also Leslie was aware of the erratic behavior of a thrown rocket.
See Passman v. Allstate Insurance Company, La.App., 208 So.2d 386 (1968) and also Laney v. Stubbs, La.App., 217 So.2d 468 (1968).
Plaintiff argues that the “rocket war” was over and the boys were no longer firing the rockets at one another. The testimony of Leslie Lefebvre quoted above does not support this argument. As noted above, Leslie had told his group (Tony Gulotta and Peter Migliacio) that he had to go home but this fact was not known to A. C. Ferachi.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.