YELVERTON, Judge.
On December 31, 1979 Timothy Granger, 16, and Danny Robertson, 17, along with several other teenagers attended a night service at a church in Kingsville, Rapides Parish. Several of the teenagers, including Timothy and Danny, left the services and purchased some fireworks including bottle rockets. They then returned to the church grounds and began to engage in a bottle rocket “war”.[1] While so engaged in this playful but dangerous sport, Danny aimed and fired a bottle rocket at Timothy which struck him in his left eye causing permanent damage.
Timothy and Harold Granger, his father, filed suit against Charles Robertson, the father of Danny, and his insurer State Farm Fire & Casualty Company. Also named as an additional defendant was Preferred Risk Insurance Company, the insurer of the church and its pastor, Jim Spencer. *978 The suit alleged that the accident was caused by the combined negligence of Danny Robertson in shooting the rocket at Timothy and Jim Spencer in failing to supervise the activities of the youths.
The case was tried before a jury and submitted to the jury on five interrogatories. The first interrogatory called for a yes or no response to the question “Was Danny Robertson guilty of negligence which was a cause of the accident?” After a three hour deliberation the jury by a vote of nine to three answered this interrogatory in the negative. The jury reported to the court that they were unable to agree on the remaining interrogatories. After consulting with the attorneys, the trial judge concluded that since the required number of jurors answered Interrogatory No. 1 in the negative, this resulted in a verdict in favor of the defendants, Danny Robertson and his father and their insurer, State Farm Fire & Casualty Company. He declared a mistrial as to the matters contained in the remaining four interrogatories.[2] The trial court then signed a judgment rejecting and dismissing the demand of plaintiffs against the defendants whose liability was predicated upon the negligence of Danny Robertson. He declared a mistrial as to the demand of plaintiffs against Preferred Risk Insurance Company (whose liability was predicated upon the alleged negligence of Reverend Jim Spencer.)
Plaintiffs appeal. They urge us to find that the jury’s verdict exonerating Danny Robertson of negligence was clearly wrong. Appellants argue that, after we find the jury’s response to Interrogatory No. 1 was clearly wrong, then we should remand the case for further proceedings. We agree that the jury’s response to this interrogatory was clearly wrong. In fact, counsel for defendants in the judgment appealed from virtually concedes that that interrogatory response can hardly withstand appellate review. Not only did Danny Robertson admit that he aimed the bottle rocket at Timothy, but the testimony of all of the several other youths who were engaged in the game confirmed that Danny and Timothy were, indeed, shooting the bottle rockets at each other. However, a finding that the jury was clearly wrong in its answer to this interrogatory does not end our responsibility. The entire record of the judgment appealed from is before us, and it is our responsibility to render a proper judgment. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). This means that we have to consider the defenses of contributory negligence and assumption of the risk raised by the parties dismissed in the judgment appealed from.
The evidence as clearly establishes that Timothy Granger assumed the risk as it does that Danny Robertson was negligent. Although Timothy was reluctant to testify that he participated in the fireworks activities, the testimony of the six other participants makes it clear that Timothy and Danny both participated in the “war” firing rockets at one another. The testimony reveals that Timothy freely and voluntarily joined the group for the express purpose of shooting rockets at each other. At the time of the accident the contest was reduced to a “war” between Timothy and Danny. The danger of a rocket striking one of the contestants was ever present, and Timothy must have been aware of the fact that Danny was going to throw rockets toward him, because he had been doing so.
A strikingly similar case involving teenagers and bottle rockets and an eye injury is Lefebvre v. Fireman’s Fund American Insurance Companies, 304 So.2d 69 (La.App. 1 Cir.1974), writ denied 307 So.2d 631 (La. 1975). There, the injured boy was one of a group of boys ranging from 13 to 16 years of age who pooled their pocket money and bought some bottle rockets and engaged in a game they called “battle”. The injured boy participated in the game. He was struck in the right eye by a rocket. Assumption of the risk was pleaded in defense *979 of the suit brought as a result of that injury. The trial court based its dismissal of the suit on the ground that the injured youth assumed the risk attendant to the shooting of the rockets. On appeal, the court said:
“Herein Leslie Lefebvre freely and voluntarily joined the party for the express purpose of shooting rockets at the other group. The danger of a rocket striking a member of the group was ever present. Further, Leslie must have anticipated and contemplated the action of A.C. Fer-achi, a member of the opposing group, of throwing rockets toward his group. Also Leslie was aware of the erratic behavior of a thrown rocket.”
On the facts of the instant case we, like the trial court and First Circuit in Lefebvre, supra, conclude that the injured plaintiff in this case assumed the risk of being struck by a bottle rocket and therefore he is barred from recovering for his injuries caused by the negligence of Danny Robertson.
Our decision means that, while we disagree with the jury’s response to the only question it answered on its verdict sheet, we nevertheless affirm the result, the result being the judgment dismissing the defendants whose liability is predicated upon the negligence of Danny Robertson. We affirm that judgment of dismissal. We remand for further proceedings. Regarding costs, the judgment appealed declares that “assessment of court costs await the outcome of this litigation”. The trial court thus retained jurisdiction not only over the issues regarding which a mistrial was declared but also as to the determination of costs at the trial level.
Plaintiff will pay costs of this appeal only.
The judgment appealed from is affirmed at plaintiffs’ costs limited to this appeal only. Affirmed and remanded.
AFFIRMED.

. A bottle rocket “war” is where individuals form opposing groups and fire bottle rockets at each other.

. The remaining interrogatories dealt with the questions of the Reverend Jim Spencer’s negligence and whether it was a cause of the accident, Timothy Granger’s contributory negligence, the latter’s assumption of the risk of this accident, and the amount of damages.