320 So.2d 163 (1975)
Peter GONZALES and Patricia Gonzales
v.
The XEROX CORPORATION, et al.
No. 55968.
Supreme Court of Louisiana.
October 1, 1975.
Charles W. Franklin, Franklin, Moore & Walsh, Baton Rouge, for defendants-applicants.
Roy Maughan, Ltd., Elliott W. Atkinson, Jr., Roy Maughan, Baton Rouge, for plaintiffs-respondents.
CALOGERO, Justice.
We granted writs in this case upon application of defendants to review a judgment of the First Circuit Court of Appeal, 307 So.2d 153 (La.App.1st Cir. 1974). The trial court, after a jury trial, had dismissed plaintiffs' suit. Plaintiff appealed seeking a reversal of the trial court judgment, and a favorable determination on the merits, by the Court of Appeal. Defendant, satisfied with the verdict, urged the Court of Appeal to affirm the trial court judgment. The Court of Appeal reversed and remanded to the trial court for a new trial, finding reversible error in the trial court's refusal to grant a requested special *164 jury charge. Our writ grant was prompted by a belief that remand of the case under the circumstances may have been improper.
Dawn Rene Gonzales, plaintiffs' four and one-half year old daughter, was killed on July 7, 1973, at Grand Isle, Louisiana, after she was struck by a car driven by defendant Juan G. Hernandez, an employee of Xerox Corporation. Employers Insurance of Wausau, a third defendant, carried the automobile liability insurance on the Xerox vehicle. The little girl was struck as she attempted to cross Louisiana Highway 1. Plaintiffs charged Hernandez with negligence proximately causing the child's death. Defendants denied that Hernandez was negligent and alternatively pleaded contributory negligence of plaintiffs, allegedly a lack of proper parental supervision.
At the trial, plaintiffs had requested that the judge give this special charge to the jury:
'A motorist's duty to look ahead and observe never ceases, and a motorist must see what he can see and in legel contemplation does see, and his failure to see what he could have seen by exercising due diligence does not absolve him from liability in tesulting injuries to others.'
The trial judge refused to give the charge and did not incorporate its substance into his general charge. He did, however, give an instruction concerning a motorist's duty in the vicinity of small children, as follows:
'In considering whether there is negligence in this particular case, the law is to the effect that persons operating automobiles on public streets and highways in the vicinity of small children have a high duty of care. The motorist encountering children upon the roadside must anticipate that the very young are possessed of but limited judgment and that there actions are likely to be sudden, unpredictable and often foolish.'
The Court of Appeal decided that the instruction which the judge gave did not express the substance of the requested special charge and that the requested charge should have been given because it stated pertinent and applicable law. That legal principle, in practically the identical words, has been enunciated in Jackson v. Cook, 189 La. 860, 181 So. 195 (1938) and numerous subsequent opinions of our courts. See, for example, Bell v. Allstate Insurance Co., 260 So.2d 363 (La.App.4th Cir. 1972); Pea v. Smith, 224 So.2d 37 (La.App.1st Cir. 1969); Reynolds v. Transamerica Ins. Co., 221 So.2d 889 (La.App.1st Cir. 1969).
The Court of Appeal stated that the essential question of fact in this case is this:
'Even if defendant under these particular facts did not have to anticipate a child would dash in front of his car, the critical question of fact is whether the defendant could and therefore should have seen the child standing by the side of the road. The law applicable to this factual situation would absolve the defendant had he not been able to observe the child before she suddenly darted into the road; and would hold him responsible if she were standing by the side of the road and in a position where he could and should have seen her.' 307 So.2d at 156.
We agree that this was the essential factual question. Therefore, in the trial of the case, there could hardly have been any more important legal principle for the consideration of the jury than that defendant's failure to see what he could have seen by the exercise of due diligence does not absolve him from liability. Indeed, this is the very principle of law which the jury was required to apply to whatever facts were established by the evidence. But the jury could not have applied that principle to the facts because it was not a part of the judge's charge to them. Since the jury *165 verdict was not based upon or guided by an essential and correct legal principle, the Court of Appeal properly decided to give no weight to the judgment of the trial court which implemented the jury verdict. However, the Court of Appeal then remanded the case to the trial court for a new trial. We conclude that this latter action was erroneous.
While the trial court remains the original forum for resolving factual and legal issues, the Louisiana Constitution expressly extends the jurisdiction of appellate courts in civil cases to the review of facts as well as law.[1] Accordingly, appellate courts render judgments on the merits when the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence. Builliard v. New Orleans Terminal Co., 185 La. 924, 171 So. 78 (1936); Baker v. D. H. Holmes Co., Ltd., 285 So.2d 282 (La.App.4th Cir. 1973); Broussard v. State Farm Mutual Automobile Ins. Co., 188 So.2d 111 (La.App.3rd Cir. 1966), writ denied, 246 La. 713, 190 So.2d 233. Likewise, when an appellate court has all the facts before it, a trial judge's erroneous instruction to the jury does not warrant a remand. Dixon v. Copeland, 289 So.2d 261 (La.App.1st Cir. 1973); Clay-Dutton, Inc. v. Plantation Nursing Home, 239 So.2d 442 (La.App.4th Cir. 1970); Barreca v. United States Fire Insurance Co., 182 So.2d 138 (La.App.4th Cir. 1966); Duet v. Montagnet, 169 So.2d 561 (La.App.4th Cir. 1964).
In addition to the costitutional authority, and consistent with it, there is a very practical consideration which encourages our appellate courts to exercise their jurisdiction *166 to review factual findings: judicial economy. When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process. Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide.
Substantial deviation from the rule that appellate tribunals with a complete record before them review facts and render dicisions has been infrequent. In Herbert v. Travelers Indemnity Co., 193 So.2d 330 (La.App.4th Cir. 1966), this Court refused to grant writs in a case in which, following an erroneous exclusion of evidence by the trial court, the Court of Appeal remanded for a new trial. The opinion was criticized in 41 Tul.L.Rev. 922, 925 (1967) where it was stated that:
'the practical result of the case is that it will undoubtedly be appealed again and thus come before the same court with the same record at an unnecessary cost to the litigants. The decision seems to drastically reduce the effects of appellate review of facts. . . .'
More authoritative than Herbert v. Travelers, supra, however, was this Court's decision in Bienvenu v. Angelle, 254 La. 182, 233 So.2d 140 (1969). In that case, this Court itself remanded for retrial. The Court of Appeal had affirmed the trial court judgment; this Court reversed on the basis of an erroneous jury instruction and remanded to the trial court.[2] The it was the Supreme Court in Bienvenu which first found error in the trial court's instruction, rather than the Court of Appeal, as in this case, does not present a rational basis for our now attempting to distinguish Bienvenu. Nor can we logically distinguish Bienvenu on the basis that the improper jury instruction was much more damaging to the plaintiff's case than it was in the case before us.[3] Consequenty, we find it necessary to overrule Bienvenu v. Angelle, supra, in holding that the action of the Court of Appeal in remanding the case for retrial was error.
Accordingly, we affirm that portion of the Court of Appeal judgment which reversed the judgment of the trial court; we reverse that portion of the Court of Appeal judgment which remanded the case to the district court for a new trial; and, consistent with the views expressed herein, we remand this matter to the Court of Appeal for further consideration of the trial record and for decision on the merits.
Affirmed in part, reversed in part, and remanded to the Court of Appeal.
DIXON, J., dissents with reasons.
BARHAM, J., dies not participate.
DIXON, Justice (dissenting).
I respectfully dissent.
Both plaintiffs and defendants have urged this court to reverse the court of appeal and require the court of appeal to decide this damage suit on the record before *167 it. The majority's conclusion can, therefore, be justified if it is considered that the plaintiffs, who demanded the jury trial, have abandoned that right. Nevertheless, even though both parties have sought the result which the majority reaches, we should not overrule established jurisprudence and establish new procedures for appellate review of jury cases in Louisiana, without a more compelling reason than ` judicial economy.'
That new system effectively deprives a litigant of his statutory right to a trial by a properly instructed jury. Under the majority ruling, if the instructions to the jury are so erroneous that the jury cannot find the facts and decide the legal issues presented to it, the case is then taken by the court of appeal to find the facts and the law applicable. Until now, the courts of appeal, when the jury instructions, although imperfect, nevertheless adequately instructed the jury on the law applicable when taken as a whole, would review the evidence and affirm if the evidence supported the jury verdict. Bush v. St. Paul Fire and Marine Ins. Co., 264 So.2d 717 (La.App.1972). When the instructions were so erroneous, however, as to prevent a proper determination of facts and issues under the law, a new trial should be ordered. Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969). It is questionable whether it is more economical for a court of appeal to review the record, find the facts and apply the law than for a civil jury on a new trial to review the record, find the facts and apply the law. (Testimony at the former trial can be used at the new trial. Code of Civil Procedure 1978; see Code of Practice 560.1, 563). Juries are much more expeditious than appellate judges.
A jury `cannot be dispensed with without the consent of the party at whose instance it was called.' Putnam & Norman v. Levee, 180 La. 101, 156 So. 189-190 (1934).
NOTES
[1] The case before us arose under the Louisiana Constitution of 1921 which provided that in all civil cases `where the Supreme Court is given appellate jurisdiction, the appeal shall be both upon the law and the facts.' Art. VII, Sec. 10. The Courts of Appeal likewise entertain appeals upon both the law and the facts. Art VII, Sec. 29. This grant of appellate review of facts has remained the same for almost one hundred years. The 1879 Constitution specified that the appeal to the Supreme Court, at that time the only appellate court, was to be `on the law and the facts.' Art. 81. The 1898 Constitution also granted to the Supreme Court `appeal on the law and the facts.' Art. 85. The provision in the 1898 Constitution which delineated the jurisdiction of the Courts of Appeal did not include what issues could be taken up by those courts. Art. 98. The 1913 Constitution granted both the Supreme Court and the Courts of Appeal jurisdiction to review both the law and the facts. Arts. 85, 98. The present Louisiana Constitution of 1974, which became effective on January 1, 1975, continues the same jurisdictional charge when it provides that `the jurisdiction of the supreme court in civil cases extends to both law and facts.' Art. 5, Sec. 5. The scope of review of the Courts of Appeal is set out in this way: `Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts.' Art. 5, Sec. 10. Efforts at the recent constitutional convention to rescind the authority of appellate courts to review factual findings failed. Transcript of Constitutional Convention, Vol. IX, 30th Day, pp. 61-73.

These constitutional provisions are implemented by the Louisiana Code of Civil Procedure which defines the scope of review of Courts of Appeal as follows:
'The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.' Art. 2164.
As is explained in the Official Revision Comments to this article, this provision was intended to embody, but apparently not change, two articles of the Code of Practice of 1870 which, while referring specifically only to the Supreme Court applied as well to the Courts of Appeal. The two Code of Practice Articles had provided as follows:
'Art. 905. When the Supreme Court reverses the judgment of an inferior court, it shall pronounce on the case the judgment which the lower court should have rendered, if it be in possession of all the facts and testimony to enable it to pronounce definitively.'
'Art. 906. But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.'
[2] The decision in Bienvenu v. Angelle, supra, was criticized in 30 La.L.Rev. 301, 302 (1969) on the basis that the `net effect of the holding . . . is that Louisiana jury trials are now burdened both with the theoretical disadvantages of Louisiana appellate review and also with the administrative disadvantages of retrials and multiple appeal because of procedural technicalities inherent in common-law jury-trial review.'
[3] Bienvenu v. Angelle, supra, involved an action for defamation based principally upon defendant's statements concerning the character and reputation of the plaintiff which were made to an investigator for the Civil Service Commission. The trial court charged the jury that, because any statements made by the defendant to this investigator were privileged, they could not form the basis for slander. Under the facts of the case, this instruction was tantamount to directing the jury to give judgment to the defendant.