BEER, Judge.
On September 9, 1975 we issued our opinion in this matter (319 So.2d 518). After our denial of a rehearing on October 9, 1975, the plaintiff-appellee made application for certiorari or writ of review on which the Supreme Court of Louisiana took the following action on November 21, 1975, 323 So.2d 128:
“Writ granted. This case is remanded to the court of appeal for a decision on the merits. See Gonzales v. Xerox Corp., 320 So.2d 163, decided by this Court, October 1, 1975.” (Emphasis ours.)
On December 3, 1975 the Supreme Court denied plaintiff-appellee’s application for rehearing and, thereafter, the record was transferred to this court in accordance with the Supreme Court’s order of November 21, 1975. We now proceed to deal with the case on the basis of the mandate from our brothers above:
Our previous opinion contains a lengthy summary of the facts of this case, a discussion of the issues, and references to serious conflicts in the testimony of fact as well as expert witnesses. Nothing would be gained by repeating these matters.
We have determined that the evidence as a whole does not preponderate to the effect that Mrs. Couto died of eclampsia or that her death was the proximate result of any negligence of Dr. Oms in failing properly to diagnose her condition or treat her on the day of her death. Thus, plaintiff failed to carry the burden of proof required in the premises.
*237 Accordingly, the judgment of the Civil District Court for the Parish of Orleans is reversed and judgment is rendered in favor of defendants, Dr. Louis R. Oms and St. Paul Fire and Marine Insurance Company, dismissing plaintiff’s suit at his costs.
REVERSED AND RENDERED.