STOULIG, Judge.
Plaintiff, Luis Hernandez, has appealed as inadequate a $6,100 jury award for an assault and battery inflicted on him by the driver of a New Orleans Public Service Inc. (NOPSI) bus. Defendant, NOPSI, has neither appealed nor answered the appeal; therefore, its liability is conceded before this court.
Briefly, the incident from which this litigation arose occurred on March 8, 1974 when plaintiff was moving toward the bus exit with the intent of debarking. Its driver, having previously ordered Hernandez to stop whistling, punched him in the chest as he neared the front door. Plaintiff, whose right leg is amputated above the knee, walks with crutches. When the blow fell, plaintiff caught himself and managed to regain his balance without hitting the floor.
Plaintiff contends the record warrants our increasing the award by $100,000, primarily for loss of past and future wages, but the quality of the evidence he presented does not justify an increase. It is only Gaspard and defendant’s failure to appeal that constrains us from reducing the judgment.
Plaintiff had been employed as a receiving clerk at a supermarket for approximately nine months prior to this incident and he continued his employment for more than five weeks after the accident.[1]
The primary medical evidence plaintiff adduced was the testimony of the treating physician, Dr. Louis Ensenat. Under cross-examination of his qualifications as an expert it was developed that this doctor’s medical background included censure by a Texas medical society as well as a medical society in this State. A prior incident was cited to illustrate the unreliable nature of his testimony. He swore under oath he treated one Earl Ruiz from October 3, 1969 through February 9, 1970. It later developed Ruiz had been killed in a shooting accident on November 14, 1969. When called to his attention Dr. Ensenat attributed this disparity to a clerical error. Unquestionably the foregoing professional history of this witness casts serious doubt on his credibility.
In any event, Dr. Ensenat diagnosed plaintiff suffered these permanent injuries as a result of the incident: (1) strained right armpit; (2) strained right shoulder; (3) low back injury; (4) right arm injury; and (5) hernia. Dr. Ensenat began treating plaintiff March 17, 1974 and was still doing so at the time this trial was held in November 1975. During this period plaintiff was administered 190 diathermy treatments and incurred medical expenses of $2,017 with Dr. Ensenat. Two orthopedists[2] examined plaintiff approximately one year after the accident and found his complaints totally *306 unrelated to the assault and the heat treatments worthless.
Without credible medical evidence to support his complaints, plaintiff fared well with the jury. Obviously the jury did not accept his assertion he could not work because of the accident and obviously the impression Dr. Ensenat made was unfavorable. Undoubtedly plaintiff was entitled to damages for the battery he suffered. The record fails to state what components figured in the verdict and, certainly, there is no basis for our increasing it.
Plaintiff’s complaint of an improper jury charge relates to liability, which is conceded on appeal, and, therefore, its consideration would be purely academic.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

LEMMON, J., dissents with written reasons.
LEMMON, Judge, dissents and assigns reasons.
The jury verdict should be set aside because of prejudicial questioning during cross-examination of the treating physician on his expert qualifications. Over timely objection counsel for defendant was allowed to read to the jury a statement by another judge in another case that the doctor was not worthy of belief.
Whether or not a witness is worthy of belief is a question for the jury to decide, and another person’s conclusion as to that question is irrelevant to the jury’s decision. Furthermore, when that other person’s opinion is clothed with the black robe of judicial office, the opinion not only is irrelevant, but also is prejudicial.
Once the treating physician’s testimony was discredited by prejudicial evidence, plaintiff had no chance for a fair jury ver-diet on his claim which depended on that evidence. Therefore, the reviewing court should set aside the verdict and undertake an independent examination of the record. If the record establishes that the judge or jury could not reasonably have reached a verdict of more than $6,100.00, then the judgment should be affirmed. Otherwise, plaintiff’s timely motion for a mistrial should be granted, and the case should be remanded for retrial in order to afford plaintiff an opportunity for a trial by an unprejudiced jury.[1]

. The accident occurred on March 8, 1974. The employee’s work record reflects: March 10 pay period — 52.9 hours; March 17 — 23.7 hours; March 24 — 45.8 hours; March 31 — 7.5 hours; April 7 — 46 hours; and April 14 — 47.7 hours.

. Plaintiff was examined by Dr. Claude Williams at the request of the defendant and by Dr. William M. Pusateri at the request of the Social Security Administration for a disability determination.

. This view to some extent runs contrary to the holding of Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975), but a prejudicial ruling by a trial judge should not deprive a party of the right to a jury trial. On appellate review of a case like this one, it is not sufficient to examine the record and conclude that the evidence supports a verdict of $6,100.00, if a jury which was not prejudiced as to the treating physician’s testimony could have concluded from the same evidence, without abusing its discretion, that a much greater award should be granted.