HALL, Judge.
This appeal is from a judgment rendered in accordance with a jury verdict rejecting plaintiffs’ demands for damages resulting from an injury sustained by Mrs. Saunders allegedly caused by “illegal and unreasonable force” used by a T. G. & Y. Store co-manager in a shoplifting incident. On appeal, plaintiffs urge that the trial court erred in instructing the jury on negligence and contributory negligence, which instructions were not applicable to this case because it involves an intentional tort, and in failing to give certain special instructions requested by plaintiffs relating specifically to an action based on the use of unreasonable force. Plaintiffs urge that because of the improper instructions this court should disregard the jury verdict and find for the plaintiffs.
Charging the jury on negligence and contributory negligence may not have been appropriate in this case involving an alleged intentional tort and in which contributory negligence was not pled by the defendants. Nevertheless, the trial court did instruct the jury on the general fault article of the Civil Code, LSA-C.C. Art. 2315, and the court’s instruction on negligence and contributory negligence expressed principles of fault, reasonableness, and duty which provided an adequate legal framework within which the jury considered the case. The trial court further correctly instructed the jury as to Article 215 of the Code of Criminal Procedure which provides that a merchant or a specifically authorized employee of a merchant may use reasonable force to detain a person for questioning on the merchant’s premises for a length of time not to exceed sixty minutes when he has reasonable cause to believe the person has committed a theft of goods held for sale by the merchant. The special charges requested by plaintiffs correctly stated principles of law applicable to this case but we do not consider the refusal of the trial court to give these charges, in view of the general instructions given, to have been seriously prejudicial to the plaintiffs.
Even if the jury’s verdict is disregarded and the appeal adjudicated on an independent review of the evidence by this court, Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), the evidence clearly preponderates that the force used by the store manager in attempting to detain plaintiff was reasonable and commensurate with the force used by plaintiff in her efforts to avoid detention.
Plaintiff admitted stealing several items of merchandise which she concealed in her purse and did not pay for when she passed through the check-out counter of the store. When the manager approached plaintiff outside of the store, plaintiff, a large woman, panicked (according to her own testimony), dropped the purse to the pavement spilling some of the stolen merchandise, hit the manager in the face, and ran off. The manager chased her across the parking lot catching up with her several times but being unable to hold her. The manager chased plaintiff across a street and when plaintiff fell to the ground in the yard of a *1094 residence the manager handcuffed her. Plaintiff broke a bone in her elbow when she fell to the ground. The manager took plaintiff back to the store and detained her in the store’s office until the police arrived a few minutes later. The plaintiff subsequently pleaded guilty and was sentenced on a charge of theft.
Plaintiff’s version of the use of unreasonable force by the manager is supported by the testimony of her daughter but the manager’s version of what occurred is supported by the testimony of several other witnesses.
The judgment of the district court is affirmed at appellants’ costs.
Affirmed.