BEER, Judge,
with whom REDMANN, J., joins, concurring.
Our order dated January 19, 1979, stated: “A majority of the judges on the panel which heard the captioned case have concluded that a new trial should be ordered and, accordingly, that this case should be remanded to the district court for a new trial. One of the judges has dissented, being of the view that our further actions with respect to this case are controlled by the Supreme Court holding in Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).” Accordingly, we ordered that the matter be reargued before a panel of five judges of this court and that was done on February 7, 1979.
No useful purpose will be served by a lengthy recital of the issues. It is apparent that the jury awarded $25,000 because either (1) it believed Dr. Levy rather than Dr. Adatto or (2) although it believed Dr. Adat-to, it limited damages because defendant individuals were poor although insured. In case (2), the verdict requires increase; in case (1), it requires affirmance.
It is highly unlikely that the jury’s $25,-000 verdict gave any weight to the evidence of defendant individual’s alleged inability to pay when the jury knew that those individuals were insured (even if for unknown *MCCCXLIII amounts). A far more probable explanation of the verdict is that the jury believed Dr. Levy, and this is a matter entirely within the jury’s function.
Remand for retrial might be preferable but is proscribed by Gonzales v. Xerox Corporation, supra. The judgment, therefore, affirmed.