GULOTTA, Judge,
concurring.
I concur.
Plaintiff alleges injury from a fall on the “entranceway” to a rear door of a building on a surface constructed of cinder blocks covered by plywood. This structure extended from the rear door of the building between an air-conditioning water tower and a beer cooler onto the rear concrete parking lot. The entranceway was used by customers and “service people” to enter directly a lounge which was part of the entire building complex. Plaintiff claims he fell when a cinder block of the entranceway crumbled or broke off beneath his foot while he was delivering a keg to the beer cooler.
Defendants are Wohl, Inc. (owner-lessor of the building), Tac Amusement Company (lessee of the lounge), and Michel Melle d/b/a Michel’s Lounge (occupant of the lounge under an oral sub-lease from Tac). Wohl has third partied Tac and Melle, claiming indemnification under a “hold harmless” clause in its lease with Tac. The pleadings and evidence raise a number of *422 legal issues bearing on the potential liability of the defendants. Also called into question is the ripple effect resulting from the trial judge’s dismissal of Tac on its motion for a directed verdict.
Concerning Wohl’s liability, a question arises whether the owner-lessor of the building is strictly liable under LSA-C.C. Art. 2322 for plaintiff’s injuries resulting from a “ruin” of the building. Resolution of this issue requires a determination whether the entranceway is an appurtenance to the Wohl building complex. See Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978); Cothern v. LaRocca, 255 La. 673, 232 So.2d 473 (1970). Assuming the entrance-way is within the LSA-C.C. Art. 2322 concept, further questions are raised whether plaintiff’s injury resulted from a defect creating an unreasonable risk of harm to him, and whether his fault or that of an intervening third party should exculpate the owner-lessor from liability.
Also affecting Wohl’s liability is the “hold harmless” clause in the lease between Wohl and Tac, whereby the lessee assumed responsibility for the condition of the premises and agreed to hold the owner-lessor free of liability for injuries from defects in the premises. A further question arises whether this hold harmless clause shields the owner-lessor from liability to an injured third party. Pertinent to this issue is whether Wohl knew or should have known of the alleged defect, and is thus liable to plaintiff despite the exculpatory language in the lease. See LSA-R.S. 9:3221;. Brooks v. Southway Furniture Company, 290 So.2d 438 (La.App. 4th Cir.1974), application denied 293 So.2d 188 (La.1974) and 293 So.2d 190 (La.1974).
Serious questions also arise concerning Tac’s liability to plaintiff under both LSA-C.C. Art. 2315 and LSA-C.C. Art. 2317. In its lease with Wohl, Tac assumed responsibility for the condition of the premises and undertook the duty to repair. The jury should have been given the opportunity to decide whether Tac’s duty under the lease encompassed the rear entranceway and whether Tac is liable in negligence to plaintiff for a breach of that duty. However, an erroneous directed verdict in favor of Tac prevented the jury’s consideration of Tac’s responsibility.
Furthermore, under LSA-C.C. Art. 2317, liability without fault is imposed upon a person who has “custody” of a defective thing creating an unreasonable risk of harm to an injured plaintiff. See Loescher v. Parr, 324 So.2d 441 (La.1975). The jury should have addressed the issue whether the rear entranceway was in Tac’s “custody” as lessee, within the meaning of this codal article. See Williams v. Hempen, 396 So.2d 999 (La.App. 3rd Cir.1981). To resolve this question of Tac’s liability, the jury should have determined whether the entranceway was part of the premises leased by Tac. Similarly, the question of Melle’s liability under LSA-C.C. Art. 2317 as sub-lessee and occupant of the lounge premises should also have been addressed to the jury.
Apart from plaintiff’s main demands, Wohl’s third party demand for indemnification by Tac and Melle must also be resolved.
I am mindful of the dictates of Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), which requires the courts of appeal to decide a matter when the record is complete rather than remand the case. Nonetheless, our case is beyond the ambit of Gonzales, supra, and I feel we are compelled to remand this matter to the trial court for a new trial for the following reasons.
Tac points out that it is unfair to render a judgment on appeal ultimately making Tac responsible after it has been exonerated from liability to the plaintiff on a motion for directed verdict. As beneficiary of the directed verdict at the end of plaintiff’s case, Tac was out of the case and had no interest in defending its liability to the plaintiff, although Tac did remain in the case on the third party demand. A judgment by this court casting Tac liable on the basis of the record before us would prejudice Tac without the benefit of a hearing or an opportunity to present a factual case in its defense against plaintiff’s demand. Another reason for remand is Wohl’s argument that to render judgment against Wohl and exonerate Tac on the ground that the *423 entranceway is not a part of the leased premises would prejudice Wohl because the jury concluded that Wohl’s negligence was not a proximate cause of the accident.
For these reasons, I am of the opinion that the entire matter should be remanded to the trial court for a new trial.
Accordingly, I concur.