EDWARDS, Judge
(concurring).
I write this separate concurrence in order to avoid the transgression committed by the Louisiana Supreme Court — lack of clarity.
An opinion in this appeal was originally rendered on April 13,1982. This court concluded therein that the trial court was in error in granting plaintiff’s motion for directed verdict on the issue of liability and ordered the case remanded for a new trial. As author of that opinion, I felt that a remand was essential to honor the statutory right to trial by jury. La.-C.C.P. art. 1731 et seq.
On October 1, 1982, the Louisiana Supreme Court granted plaintiff’s application for writs and issued the following order:
“Judgment of the court of appeal is reversed, and case is remanded to the court of appeal to decide the case on the record.”
I am of the opinion that use of the term “decide” means something decidedly different from “review.” The foregoing opinion, prepared with that distinction in mind, re-fleets my efforts to “decide” the case on the record.
The lack of clarity in the Supreme Court’s order led to disagreement within the panel to which the case was assigned, and the case was reargued before a five-judge panel. The majority of that panel voted to certify the following questions to the Supreme Court:
“1. Is this court to render a decision simply affirming the trial court on the question of liability?
“2. If this court simply affirms the trial court on the question of liability, or if it reviews the record and affirms liability, is it to decide quantum from the record, or is it to review the decision of the jury as to quantum.”
In response, the Supreme Court “clarified” its previous order with the following language:
“Because this Court concluded from the court of appeal opinion that Collins was clearly negligent, and that the passenger Guillory was clearly not negligent, the directed verdict for Guillory was correct (although for reasons other than those stated by the trial judge). Because the entire record is before the court of appeal, it should now decide the case on that record instead of remanding the case to the district court.”
This most recent expression by the Supreme Court does little to definitively answer the questions posed. However, I note that this court has again been ordered to “decide the case” on the record. (Emphasis added.)
Thus, I adhere to my earlier conviction that this court should review the record and reach its own decision on the merits. See, e.g., Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). A majority of the five-judge panel agrees with my view and the foregoing opinion was rendered in the form as originally prepared after the Supreme Court’s October 13, 1982, order.