On Remand
JiPER CURIAM.
In this medical malpractice case, the plaintiff settled for policy limits with the negligent surgeon and his insurer and then sought excess damages against the Patient’s Compensation Fund (the “Fund”) in accord with R.S. 40:1299.44 C(5). After a full trial in which all questions of liability and quantum were litigated, the District Court found that the plaintiff did not, more probably than not, lose a chance of better recovery as a result of the surgeon’s negligent conduct; the District *956 Court therefore denied recovery from the Fund.
In our original opinion and opinion on rehearing, this court held that the District Court erred in allowing the Fund to reliti-gate issues of causation and “original harm,” as that concept was delineated in Jones v. St. Francis Cabrini Hosp., 94-2217 (La.4/10/95), 652 So.2d 1331. Graham v. Willis-Knighton Medical Center, 27,338 (La.App.2d Cir. 9/29/95), 662 So.2d 161. Reviewing the instant record, which consists of pleadings, discovery and a full trial transcript, we held that the original harm was the loss of the plaintiffs right leg, and we awarded damages for that harm. We further found that the additional harm, loss of the plaintiffs left foot and two subsequent heart attacks, was not an element of original harm, and that the District Court was entitled to let the Fund reliti-gate that issue. We concluded that the court did not commit manifest error in finding no causation between the malpractice and the subsequent or secondary harm.
The Fund applied to the Supreme Court for review; that court deferred the case until it had resolved a similar issue in Pendleton v. Barrett, 95-2066 (La.11/17/95), 663 So.2d 725. The Supreme Court decided Pendleton on May 31, 1996, and subsequently remanded the instant case to this court for reconsideration in the light of its opinion. See Pendleton v. Barrett, 95-2066 (La.5/31/96), 675 So.2d 720.
laAfter extensive discussion of the applicable law, the Supreme Court in Pendleton, p. 19, 675 So.2d at 730-731, stated its conclusions as follows:
It is the duty of the district judge once he has approved the settlement to distinguish between the original or apparent harm which the admission of liability encompasses and the secondary harm concerning which the plaintiff continues to bear the burden of proof. This determination shall be made by a close review of the record consisting of the pleadings, discovery and any trial proceedings. In most cases, it is not difficult to ascertain the extent of the original or primary harm caused by the medical malpractice which the health care provider has by settlement admitted, as distinguished from secondary harm. Drawing a line between the two is a chore to be performed by the trial judge.
[[Image here]]
This test achieves the goal of the statute’s admission of liability provision by relieving plaintiff of the burden of proving a causal connection between the admitted malpractice and the original or main harm giving rise to damages; yet, it provides limits so as to prevent [the Fund’s] automatic exposure for all medical conditions that might occur subsequent to the medical negligence.11
In the footnote attached to this text, the Supreme Court further stated:
U In a case pending in this Court on writ application, the Second Circuit applied this test. In Graham v. Willis-Knighton Medical Center, supra, the court looked to the discovery, pleadings and trial to determine the extent of the "original harm.” (emphasis supplied)
The Supreme Court’s discussion is a fundamental affirmation of this court’s analysis of the problem and resolution of the case. If further verification were needed, Footnote 11 explicitly approves this court’s approach. On remand, we see no reason to alter or deviate from the discussion in our original opinions.
We do note, however, the Supreme Court’s repeated reference to the “district judge” or “trial judge” as the proper authority for deciding the original harm in a case of this sort. We have therefore considered whether a remand to the District Court is proper here. In Pendleton, the plaintiff originally sued the allegedly negligent physicians (with their insurers) and began a trial on all matters of liability. Before trial was concluded, however, the covered defendants settled with the plaintiff for statutory limits of $100,000; the trial court approved the settlement. The plaintiff then claimed excess damages from the Fund; the district | acourt ruled in limine that the Fund could present no evidence regarding the causal relationship between the admitted fault and the injuries sustained by the plaintiff. The Court of Appeal, however, granted the Fund’s writ application, holding that the plaintiff had the burden of presenting evidence to determine what damages were caused by the health *957 care provider’s admitted liability and the proper quantum. Id., p. 6, 675 So.2d at 724. The Supreme Court ultimately granted the plaintiffs writ, holding that the plaintiff “is not required to prove any causal connection between [the settling physician’s] admitted malpractice and the original harm” suffered by the plaintiff. Id., p. 19, 675 So.2d at 731. Because the Supreme Court did not have a complete record on which to base a finding of “original harm,” it remanded the case to the district court. Id., p. 19-20, 675 So.2d at 731.
In the instant ease, however, a complete record consisting of pleadings, discovery and the entire trial transcript has been presented to this court for review. When the appellate court finds legal error that mandates reversal, but a full record is available for consideration, the appellate court should decide the case and render whatever judgment is just, legal and proper on the record. La.C.C.P. art. 2164; Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975); Gordon v. Willis Knighton Medical Center, 27,044 (La.App.2d Cir. 6/21/95), 661 So.2d 991, writ denied 95-2776 (La.1/26/96), 666 So.2d 679. Because the instant record is complete, and in the interest of judicial economy, we see no need to remand the case to the District Court.
This court thoroughly analyzed the evidence in its original opinion and opinion on rehearing. Graham, at pp. 9-12, 662 So.2d at 166-169. We perceive nothing in Pendle-ton that mandates any alteration from our prior judgment.
For these reasons, our original opinions and judgment are Reinstated. Costs are assessed to the applicant, Louisiana Patient’s Compensation Fund.
Judgment Reinstated.