940 So.2d 115 (2006)
Mary Kathleen LEFEBVRE, Plaintiff-Appellant
v.
Francis P. GRIGSBY d/b/a Bear's and Bear's Limited Partnership, Defendants-Appellees.
No. 41,417-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
Hayter & Odom, by Mark W. Odom, Shreveport, for Appellant.
*116 McMichael, Medlin D'Anna & Wedgeworth, LLC, by James C. McMichael, Jr., Shreveport, for Appellees.
Before GASKINS, DREW and LOLLEY, JJ.
LOLLEY, J.
Plaintiff, Mary Kathleen Lefebvre, appeals a judgment from the First Judicial District Court, Parish of Caddo, State of Louisiana, which ruled that all debt accrued by defendant, Francis Grigsby, had been paid back or forgiven. For the following reasons, we reverse.

FACTS
In 1999, Mary Kathleen Lefebvre ("Lefebvre") and Francis Grigsby ("Grigsby") were romantically involved. Because of their relationship, Lefebvre assisted in Grigsby's business, "Bear's Restaurant," located in Shreveport, Louisiana. Lefebvre loaned large sums of money to Grigsby for his various business and personal financial obligations. In December, 1999, Grigsby and Lefebvre executed the "Articles of Partnership" ("partnership contract") which gave Lefebvre 15% interest in the business. Lefebvre continued to lend Grigsby funds toward the operation of the restaurant and bar.
In 2002, the relationship ended and Lefebvre ended her participation in the business. She attempted to arrange repayment of the balance she believed was owed to her. After failing to receive payment, Lefebvre filed suit to recover the remainder amount. Grigsby answered and asserted a reconventional demand claiming the limited partnership was repayment for any loans up until the execution of the partnership contract, and sought reimbursement for business losses from Lefebvre as a limited partner. The trial court denied Lefebvre's claims as well as Grigsby's claims in his reconventional demand. Grigsby did not appeal the judgment as it applied to his reconventional demand. However, Lefebvre's appeal is now before this court.

LAW AND DISCUSSION
Louisiana C.C. art. 2801 states, in pertinent part, that "[a] partnership is a juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit." The record supports that Lefebvre and Grigsby were in a partnership as defined by La. C.C. art. 2801. Finding that their partnership contract is valid and enforceable, we will not address any action that occurred after the creation of the partnership as no breach of fiduciary duty has been alleged and this court is not in a position to scrutinize their business relationship. See e.g. Barksdale v. Lincoln Builders, Inc., 32,857 (La.App. 2d Cir.06/21/00), 764 So.2d 223, writ denied 2000-2646 (La.02/09/01), 785 So.2d 821. However, since it is clear from the record that Lefebvre was to be repaid for all her expenditures before the creation of the partnership, we will address the amount of debt released and the partnership contract at issue.
Lefebvre asserts the most that could have been released was $25,000 as stated in the partnership contract and that she is entitled to the remaining amount. Instead, Grigsby maintains that in exchange for the 15% interest in the partnership, it extinguished all debt owed to Lefebvre as of the date of partnership contract.
Although there was conflicting testimony in the interpretation of the document, ". . . courts must first look to the words and provisions of the contract. When they *117 are clear and explicit, no further interpretation may be made in search of the parties' intent." La. Civ.Code art. 2046. Here, we look to the language of the valid partnership contract and place particular emphasis on the paragraph which states:
The said MARY KATHLEEN LEFEBVRE has furnished FRANCIS P. GRIGSBY, the sum of $25,000.00, which sum is hereby acknowledged by the said FRANCIS P. GRIGSBY and a full release and discharge is hereby granted therefore. Said sum shall be used in the extension, maintenance and operation of the business affairs of BEAR's and for the mutual benefit of the said FRANCIS P. GRIGSBY operating the said business, and the said MARY KATHLEEN LEFEBVRE, as partner in commendam.
The amount Lefebvre furnished for a percentage of the partnership is clearly stated, and, keeping within the four corners of the document, there is no language to support Grigsby's assertion that this partnership contract discharged a debt greater than the $25,000.00. Accordingly, we find the trial court made legal error in interpreting the contract to mean that Grigsby was released from debt that exceeded the $25,000.00 owed to Lefebvre. See Lawrence v. Terral Seed, Inc., 35,019 (La.App. 2d Cir.09/26/01), 796 So.2d 115, writ denied, XXXX-XXXX (La.02/01/02), 808 So.2d 341.
We note that Grigsby acknowledged that "for purposes of this trial we're accepting [Lefebvre's] numbers as set forth in the various [exhibits]." In the interest of judicial economy, and since the "numbers" were not challenged, we look to the record de novo to determine whether the amount Lefebvre lent to Grigsby exceeded the $25,000.00 consideration. "When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process. Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide." Gonzales v. Xerox Corp., 254 La. 182, 320 So.2d 163, 166 (1975); See also La. C.C.P. art. 2164.
After careful review of the receipts and other accounting documentation in the record, we find there was a total of $34,690.23 loaned to Grigsby prior to the partnership contract. After subtracting the $25,000.00 consideration for 15% interest in the partnership, the difference owed to Lefebvre is $9,690.23 plus interest. We found further corroboration of this amount with Grigsby's Reply to Motion for New Trial and his testimony at trial referring to the fact that the amount borrowed prior to the partnership contract was in excess of the $25,000.00. We pretermit discussion of plaintiff's other assignments of errors, namely the various calculations to determine the repayment amount, in light of the foregoing reasons.

CONCLUSION
In accordance with the aforementioned reasons, we reverse the trial court's judgment and award Mary Kathleen Lefebvre a repayment amount of $9,690.23 plus interest. Costs of this appeal are assessed against Francis B. Grigsby, D/B/A Bear's and Bear's Limited Partnership.
REVERSED AND RENDERED.