WARD, Judge.
The Louisiana Department of Public Safety and Corrections appeals a district court judgment which reversed a Department ruling suspending Bryan Musso’s driver’s license. After being arrested for driving while intoxicated and speeding, Musso refused to submit to a chemical breath test which would indicate a percentage of alcohol in Musso’s blood. Consequently, pursuant to statute, the arresting officer seized Musso’s driver’s license. Musso timely requested an administrative hearing provided by law, but after the hearing, the Department maintained the suspension of Musso’s driving privileges.
Musso then petitioned the Civil District Court for a trial de novo on the question of suspension of his driving privileges. The trial court reversed the Department of Public Safety’s Administrative ruling, and ordered the Department to restore Musso’s driving privileges by reissuing his driver’s license. The trial court gave meager reasons for judgment:
The Court finds that the Louisiana Department of Public Safety did not carry its burden of establishing a prima facie case that the plaintiff was legally intoxicated.
The Department appeals, contending the trial court has misapplied La.R.S. 32:668(A)(1), which provides, in its relevant parts:
The scope of such a hearing for the purposes of this Part shall cover the following issues:
(1) Whether a law enforcement officer had reasonable grounds to believe the person had been driving ... under the influence of either alcoholic beverages or any abused or illegal controlled dangerous substance ...
The Department contends the trial court erred by finding that the Department must prove a prima ■ facie case that Musso was intoxicated. We agree, and reverse, because the statute only requires that the’ arresting officer have reasonable grounds to believe Musso was driving under the influence of alcohol, something different than “legally intoxicated.” Black’s Law Dictionary, 5th Ed. defines “intoxication” as follows:
Where, by reason of drinking intoxicants, an individual does not have the normal use of his physical or mental faculties, thus rendering him incapable of acting in the manner in which an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would act under like circumstances.
While “driving while intoxicated” and “driving under the influence” may be the same thing, neither requires a showing of complete intoxication. All that is required is the operation of a motor vehicle while under the influence of intoxicating liquors. Under the terms of the statute, the trial court’s inquiry goes to whether the arresting officer had reasonable grounds to believe an operator was driving while under the influence, something less than probable cause, and greatly different from a prima facie case that plaintiff [Musso] was legally intoxicated.”
The trial court clearly applied the wrong standard. When the court of appeal *828 finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to determine the facts de novo from the entire record and render a judgment on the merits. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975). We find the record sufficient for this court to review the Administrative determination that Musso’s driving privileges should be suspended.
La.R.S. 32:668(A) sets forth the procedure to be followed in an administrative hearing, and 32:668(C), referring back to 32:414(F)(4) provides for judicial review “to determine whether the person is entitled to a license or is subject to suspension ... under the provisions of this chapter.” This we believe means the district court and now this Court must conduct a trial de novo on the question of whether the arresting officer complied with the procedures set forth in 32:668(A). In addition to (A)(1) which requires “reasonable grounds” to believe an operator was driving while under the influence, when an operator refuses to take the breath test, (A)(2), (3), and (5) of 32:668 directs an inquiry into whether the operator was arrested; whether he was warned, first, of his constitutional rights and next, of the consequences of refusing to take the breath test.
Musso does not contend that the Department did not prove (2), (3), and (5), but challenges whether Officer Miller had “reasonable grounds” to believe Musso was driving while under the influence before Miller gave Musso the option of taking the tests. We find that he did, and we now render judgment based on the following facts of the trial record.
New Orleans Police Officer A1 Miller testified that he stopped Musso for driving 50 miles per hour in a 35 mile per hour zone. When Musso exited his car Miller detected a strong odor of alcohol on his breath. Miller conducted a field sobriety test which Musso failed. Miller said Musso’s condition was “fair,” stating “I would classify it as being to the point where he had to use the vehicle for support, or tripping over his feet, or something like that.” Tr. 13.
The record clearly supports a finding that Miller had reasonable grounds to believe that Musso was driving under the influence of alcohol when Miller offered Musso the opportunity to take the breath test.
For the reasons stated above, we reverse the trial court’s judgment, and reinstate the judgment rendered by the Department of Safety which suspended Musso’s driver’s license under the terms of La.R.S. 32:668.
REVERSED.