CRAIN, J.,
dissenting.
_JjFor the privilege of driving in Louisiana, the driver of a vehicle involved in a collision in which a fatality occurs is deemed to have given consent to the administration of a blood test to determine the presence of a controlled dangerous or impairing substance. La. R.S. 32:681. In this case, the majority concludes that because the police officer did not know, when the blood was drawn for testing, which of the three occupants of the truck was the driver, there was no implied consent by the driver. I respectfully disagree.
The occupants of defendant’s truck, including the defendant, had been evacuated from the scene of the fatality before the investigating officers arrived. However, by the time that defendant’s blood was drawn, the officers knew there had been a fatality, that the truck had caused the fatality, and that three people, including the defendant, occupied the truck at the time of the collision. The officers candidly acknowledged that they did not know which of the three occupants was driving the truck at the time of the collision. The only prerequisite for administration of the blood test is that the law enforcement officer directing that the test be done have reasonable grounds to believe the person to have been driving the vehicle. See, La. R.S. 32:681. I believe that under the unique 12circumstances of this case, the belief that one of the occupants was the driver constituted reasonable grounds to draw the defendant’s blood.[1]
Importantly, the defendant who is objecting to the results of the blood test was in fact the driver. Consequently, the law deems him to have consented to the administration of the blood test. It is not necessary to address the legal implications of the use of a non-driver’s blood drawn pursuant to this statute.[2]
*338 The defendant pled guilty to vehicular homicide, that is, causing the death of another person while driving impaired, after the trial court refused to suppress the results of the blood test. I believe the trial court was correct based upon the implied consent conveyed by Louisiana Revised Statute 32:681 and would affirm. For these reasons, I respectfully dissent.

. Reasonable grounds is something less than probable cause. Henry v. State, Dept. of Public Safety, 01-0103 (La.App. 3 Cir. 6/27/01), 788 So.2d 1286, 1288; Musso v. Louisiana Dept. of Public Safety, 632 So.2d 826, 827 (La.App. 4 Cir.1994).

. Applying the majority’s logic, if the defendant was unconscious and his guest passengers had been killed, the implied consent statute would not apply, but if he was driving alone and killed three people it would apply. In my opinion, under these circumstances, *338 the unknown identity of the driver should not be used to circumvent the application of the statute.